### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT ATHENS,

## MAY TERM, 1856.

Present—JOSEPH H. LUMPKIN,  
HENRY L. BENNING,  } *Judges.*  
CHAS. J. McDONALD.

---

No. 5.—ALFRED HAMMOND, plaintiff in error, *vs.* MARY R. HOUSTON, adm'x, &c. defendant in error.

[1.] There was a bill and a cross-bill. The cross-bill contained, amongst other things, an offer which was advantageous to the defendants therein. The complainant in that bill moved that it might be dismissed. At the time when this motion was made, the defendants in that bill had not accepted said offer. The Court refused the motion: *Held,* that the Court erred.

[2.] A bill was filed by more distributees than one for distribution, &c. One of the plaintiffs died. Afterwards, the defendant answered, filing his answer more than two months before a particular term of the Court. On the fourth day of that term, a party was made in the place of the deceased party. And immediately thereafter, the plaintiffs asked leave to file, within three months, exceptions to the answer. The Court presented to the defendant the option of fixing the time within which the exceptions were to be filed. The defendant declined to name a time. Thereupon, the Court granted the leave as asked for by the plaintiffs: *Held,* that this was right.

In Equity, in Elbert Superior Court.    Decision by Judge
THOMAS, at March Term, 1856.

A bill was filed to the March Term, 1852, of Elbert Supe-
rior Court, by John B. Sloan and wife, and Benjamin C.
Houston, who were distributees of the estate of Benajah Hous-
ton, deceased, against Alfred Hammond, administrator of
said estate, for an account and distribution.

In April, 1852, the parties came to a settlement upon most
of the matters in the bill, and Hammond paid large sums of
money to Sloan and Houston, and took their receipts.

No action was taken upon the bill till March Term, 1855,
when an order was passed in the name of Sloan and Mary R.
Houston, administratrix of B. C. Houston, as plaintiffs, re-
quiring Hammond to answer within four months. At the
September Term, 1855, the time for answering was extended
four months.

On the 7th day of January, 1856, Hammond filed his an-
swer in office, and at the same time, filed his cross-bill against
Sloan and wife, and Mary R. Houston, administratrix of B.
C. Houston, complaining that there were errors in the settle-
ment of April, 1852, to his injury, and praying that it might
be opened and corrected, and that the other parties might
be decreed to refund to him the sums which he alleged to
have been erroneously paid.

At the next term, March Term, 1856, being the appear-
ance term of the cross-bill, the defendants therein filed their
demurrer thereto, and gave the Counsel for complainant pro-
per notice thereof. This was on Tuesday, the second day of
the term.

On the morning of Thursday, the fourth day of the term,
before the hour for Jury business, Counsel for complainant
in the cross-bill, asked leave of the Court to dismiss the same
at his cost. Counsel for the other parties resisted the appli-
cation, and the Court declined to hear argument upon it then,
for want of time. During the same morning, the original

bill was called in its order, upon the docket, and the application to dismiss the cross-bill was renewed. The Court refused to consider it then, being unwilling to delay Jury business.

Counsel for complainants, in the original bill, then suggested the death of Benjamin C. Houston, one of complainants, and moved to make Mary R. Houston, his administratrix, a party, which the Court allowed.

They then moved an order, allowing them to amend their bill within three months, and requiring defendant to plead, answer or demur to the amendment on or before the first day of the next term. Counsel for Hammond objected, insisting that the character of the proposed amendment should be disclosed and that he should be heard thereon, before the granting of the order. The Court passed the order, and Counsel for Hammond excepted.

Counsel for complainants in the original bill then moved for leave to except to defendant's answer, at any time within three months; and alleged as a reason for not having already filed their exceptions, that the answer could not be found in the Clerk's office, when they searched for it early in the week. It appeared that the answer had been taken out of the Clerk's office by one of the complainant's Counsel, a few days before Court, and that he had inadvertently kept it till the morning of Wednesday, the third day of the term, when he brought it into Court. His Honor, Judge THOMAS, states in his certificate to the bill of exceptions, that the Counsel who moved for leave to except, declared in his place, that on Monday he called on the Clerk for the answer and it could not be found, and that he had not been able to get it until the case was called. Defendant resisted the motion, insisting on the enforcement of the fourth rule of Equity practice. The Court decided to give until next morning to file exceptions, if defendant's Counsel would prefer that time to the time specified in the motion for leave, the Court deciding to allow the exceptions to be filed at some time thereafter, but letting the defendant's Counsel know that he would fix the particular

Hammond *vs.* Houston, adm'x, &c.

time so as to suit their wishes. Defendant's Counsel expressed no preference for any particular time; and so, the Court granted the plaintiffs leave to except, and on the terms, as to time, which they asked for.

The next morning the Court heard argument on the application to dismiss the cross-bill. While Counsel for plaintiff in the cross-bill was addressing the Court, he spoke of the pending demurrer, when Counsel for the other side informed him that it was withdrawn, which was the first notice given to the Counsel or the Court of that fact.

It was announced in the argument by Counsel for defendants in the cross-bill, that they had filed a bill supplemental to their original bill, assenting to the opening of the settlement prayed for in the cross-bill. This supplemental bill had been presented to his Honor, and by him allowed to be filed, after the adjournment on the preceding evening, (Thursday, March 13th,) and it did not appear that it had been served on defendant, or that he or his Counsel had any notice of it till it was referred to in the argument.

It was announced that no objection was made by Sloan and wife, to the dismissal of the cross-bill.

His Honor refused to allow the dismissal of the bill, holding that a party complainant in Equity has no absolute right to dismiss his bill, whether it be an original or cross-bill; and that under the facts of this case, the cross-bill should not be dismissed.

To which decision, Counsel for Hammond excepted.

AKERMAN, for plaintiff in error.

THOMAS; COBB, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

Was the Court below right in refusing to dismiss the cross-bill, on the motion of Hammond, the complainant in that bill? This is the first question.

Hammond *vs.* Houston, adm'x, &c.

The general principle that a complainant has the right, at his pleasure, to dismiss or withdraw his suit, is not denied. But it is insisted that the facts of the case of this complainant, Hammond, make his case an exception to the general rule. The cross-bill shows, it is insisted, that subsequent to the filing of the bill a settlement of most of the matters contained in the bill had taken place; that the complainant in the cross-bill, Hammond, was dissatisfied with the settlement and wished it rescinded; and that, offering to put things in the state in which they were before the settlement as far as possible, he prayed for a rescission of the settlement; and that to put things in that condition, would require the restoration to the complainants of certain property or certain rights which they had relinquished in the settlement. In short, the cross-bill, the defendants in error say, contains an offer to rescind a settlement. And they argue that such an offer binds the party making it, so that he cannot withdraw it without the consent of the other party.

But is this true, unless the offer has been accepted? We think not. It is, in general, a first principle that to make any party to a contract bound, all the parties must be bound. Were the defendants in the cross-bill bound by the offer of the complainant in that bill to rescind the settlement, whether they accepted the offer or not? Certainly not. Neither, therefore, was he bound by it unless there is something to take the case out of the general principle. And we see nothing to take the case out of that principle.

The question, then, becomes this: had the defendants in the cross-bill accepted the offer of rescission at the time when the complainant in that bill moved that the bill should be dismissed?

So far from having done so, they had demurred to the bill containing the offer—that is, they had, themselves, prayed the Court to dismiss the bill, and thereby had prayed the Court to render the offer nugatory.

Hammond *vs.* Houston, adm'x, &c.

The defendants, then, had not accepted the offer, but had virtually rejected it.

This being so, the offer was not binding on the complainant.

But if it was not, then it is clear from what has been said, that he had the right to an order dismissing his bill.

[1.] We think, therefore, that the Court below erred in not granting the motion of the complainant in the cross-bill to dismiss that bill.

If the offer in that bill had been accepted and *acted on*— so acted on that not to hold the party making it bound by it, would be the occasion of loss to the opposite parties, then our conclusion might have been different.

The leave granted to the complainants in the bill to amend the bill, was merely superfluous. Whatever right it could confer had been conferred—conferred without it by the Amendment Act of 1854. (*Acts of* 1854–'48.)

The parties plaintiff to the bill at the time when it was filed, were Sloan and Wife and Benjamin C. Houston. Afterwards, and it seems before the filing of the answer, Houston died. At March Term, 1856, some two months and more after the answer had been filed, Mary R. Houston was made a party in place of the deceased, Benjamin C. Houston. As soon as this was done, the place of the plaintiffs thus being full, they asked leave to except to the answer. Leave was granted to them to do so, with the privilege to the defendant to name the time within which the exceptions were to be filed. The defendant declined to avail himself of the privilege, and the Court itself named three months. Was this wrong in the Court? We think not.

The complainants in the bill had elected to sue jointly. They had the right to do so; and but for our Statute of 1836, (*Cobb's Dig.* 468,) it would have been their duty to do so. When one of them died, it was therefore the right of the others to have his place filled, if practicable, before they could be required to go on with the suit.

This being so, the failure to except to the answer until the fourth day of the term next following the filing of the answer,

was not evidence of *laches*. Certainly Mrs. Houston could not have excepted at any time before the time at which she asked leave to except. And the other plaintiffs had the right to stand by her side.

The fourth Equity rule was never construed as applicable to cases in which the ordinary course of an Equity suit has been interrupted by a death or a marriage.

But with respect to that rule, it is to be remembered that this Court has decided, that so much of it as requires the answer to be filed within four months from the adjournment of the Court to which the subpœna is returnable, is contrary to the 68th section of the Act of 1799, a part of which is as follows: " and the party against whom such bill shall be filed, shall appear and answer to the same at the next Court." (*McDougald vs. Carey*, 12 *Ga. R.*)

The time of excepting appointed by the rule was, no doubt, appointed with reference to the time of answering appointed by the rule. The rule falling as to the latter, must therefore, it would seem, fall as to the former.

The complainants, then, at the time when they asked leave to except, were in order to ask the leave.

That being so, could the defendant expect more than the privilege of naming the time within which the exceptions were to be filed? Surely not. And when the defendant declined to name a time, it was quite proper for the Court, in itself, appointing a time to consult the convenience of the opposite parties.

[2.] The Court, therefore, we think, committed no error in granting the leave to file exceptions within three months.